## SUDERMAN v. SAAKE.

(Circuit Court, E. D. Pennsylvania. January 22, 1909.)

### No. 62.

COPYRIGHTS (§ 70*)—ACTION FOR INFRINGEMENT—SUFFICIENCY OF EVIDENCE.

Evidence *held* to support a verdict awarding damages for the infringement of copyrights for dramatic compositions.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 76; Dec. Dig. § 70.*]

On Motions for New Trial and for Judgment Notwithstanding the Verdict. Denied.

Thomas Stokes, George Wharton Pepper, and Louis Steckler, for plaintiff.

Joseph H. Taulane and Hector T. Fenton, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. The plaintiff is the author of two German plays, "Das Blumenboot" and "Stein under Steinen," both of which were duly copyrighted in his name in October and November, 1905. The defendant produced these plays at his theater in Philadelphia in 1906 and 1907, and this suit is brought to recover the statutory penalty for such production. Rev. St. § 4966 (U. S. Comp. St. 1901, p. 3415). The case was heard immediately after the trial of Lederer v. Saake, 166 Fed. 810, in which an opinion has just been filed, and a verdict was rendered for the plaintiff in the sum of $500. Under the charge of the court, the finding of the jury has established the following facts:

(1) The titles of these plays were duly deposited with the Librarian of Congress.

(2) Within a reasonable time thereafter two printed copies of each play were also deposited with the Librarian.

(3) These copies were printed from type that was set up in the United States.

(4) Before the time when the copies were deposited, there had been no previous publication of either play, either here or abroad.

(5) Both the plays were publicly produced by the defendant, and both were substantially identical with the copyrighted plays.

There is no question in this suit concerning the plaintiff's right to take out the copyrights, nor of his legal right to bring a suit for infringement. The sole dispute now is whether there was evidence that should have been submitted to the jury to establish the facts that have been found by the verdict. The defendant's contention is that there was no competent evidence from which the facts stated in paragraphs 2, 3, 4, and 5 could be properly found, and therefore that he is entitled to judgment notwithstanding the verdict. In any event, he asks for a new trial on the ground that such evidence as there was did not justify the finding. Without discussing the evidence in detail, I think it enough to say that I am obliged to disagree with the defendant's position. As I regard the matter, there was competent evidence of each fact, and the verdict was fully warranted. No one could have heard the witnesses and entertained any doubt that the necessary facts to make out the plaintiff's claim were substantially proved, or could have failed to see that there was no real defense on the merits. The legal questions involved in the present dispute have been sufficiently considered in the opinion that has just been filed in Lederer v. Saake, so far as it is now applicable. The subjects of stage right and of who the proper plaintiff should be in a suit for infringing such right, are not involved in this case.

The motions for a new trial, and for judgment notwithstanding the verdict, are refused. To the refusal of judgment an exception is sealed in favor of the defendant.